[S. F. No. 7576. In Bank.—October 4, 1915.]

VIRGIL J. GARIBALDI, Petitioner, v. J. H. ZEMANSKY, as Registrar of Voters of the City and County of San Francisco, Respondent.

ELECTION—RESIDENCE IN ELECTION PRECINCT—AMENDMENT TO SECTION 1239 OF POLITICAL CODE INVALID.—The amendment of May 26, 1915 (Stats. 1915, p. 859), to subdivision 4 of section 1239 of the Political Code, providing that "any person registered in one precinct, and removing therefrom to another precinct in the same county within thirty days of an election, shall be deemed to be a resident of the precinct from which he so removed until after such election," violates section 1 of article II of the state constitution requiring residence in his election precinct for thirty days preceding the election as a condition of an elector's right to vote.

APPLICATION for a Writ of Mandate directed to the registrar of voters of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Thomas V. Cator, for Petitioner.

Percy V. Long, City Attorney, and D. S. O'Brien, for Respondent.

ANGELLOTTI, C. J.—The only question presented by this proceeding is as to the validity of that portion of subdivision

4 of section 1239 of the Political Code as amended by act approved May 26, 1915 (Stats. 1915, p. 859), which reads as follows: "Any person registered in one precinct, and removing therefrom to another precinct in the same county within thirty days of an election, shall be deemed to be a resident of the precinct from which he so removed until after such election." If this provision be invalid petitioner is entitled to a writ of mandate as prayed.

That a provision similar in all material respects to the provision we have quoted is in direct violation of section 1, article II, of the state constitution was expressly held in *Russell* v. *McDowell,* 83 Cal. 70, 80, [23 Pac. 183]. It was there said: "By the new constitution (art. II, sec. 1) residence in his election precinct for thirty days preceding the election is just as essential a condition of the right to vote as is residence in the county for ninety days, and in the state for one year." It is beyond the power of the legislature to make any change in the law thus declared by the constitution. There can be no question as to the correctness of the decision on this point in *Russell* v. *McDowell,* 83 Cal. 70, [23 Pac. 183], and it is equally clear that the enactment of May 26, 1915, is likewise in violation of the same constitutional provision, and therefore must be held to be absolutely void.

Let a peremptory writ of mandate issue as prayed, with costs to petitioner.

Lorigan, J., Lawlor, J., Sloss, J., Shaw, J., and Melvin, J., concurred.